DUANE MORRIS LLP
Gregory P. Gulia
Vanessa C. Hew
1540 Broadway
New York, New York 10036
(212) 692-1000

Attorneys for Defendant/Counterclaim Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MICHAEL ARAM, INC.                              :

      Plaintiff/ Counterclaim Defendant,   :   Civil Action No. 08-CV-4378
                                                       (KPC)
      -against-                          :
                                                       ECF CASE
ANTHROPOLOGIE, INC..                            :

      Defendant / Counterclaim Plaintiff.  :

------------------------------------------------------------X

## ANSWER AND COUNTERCLAIM

Defendant Anthropologie, Inc. ("Anthropologie"), by its undersigned attorneys, Duane Morris LLP, hereby answers the complaint filed in Civil Action No. 08 CV 4378 (the "Complaint"), by plaintiff Michael Aram, Inc. ("Plaintiff"), and assert a Counterclaim against Plaintiffs as follows:

    1.    Admits that Plaintiff purports to bring this action based on claims of copyright infringement, statutory unfair competition and common law unfair competition and deceptive trade practices under the laws of the State of New York. Admits that Plaintiff purports to bring this action based on Defendant's manufacture, marketing, promotion distribution and sale of flatware, but denies the remaining allegations set forth in the second sentence of Paragraph 1 of the Complaint. Admits that Plaintiff purports to seek injunctive relief and damages.

2. Admits that Plaintiff purports to base the Court's jurisdiction over this matter upon the statutes cited in Paragraph 2 of the Complaint.

3. Admits that Plaintiff purports that venue is proper based upon the statute cited in Paragraph 3 of the Complaint and that Anthropologie conducts business, has substantial contact with and may be found in the Southern District of New York.

## The Parties

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint, and therefore denies same.

5. Admits.

## Factual Allegations

### A. Background

6. Paragraph 6 is not a statement which can be admitted or denied.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint, and therefore denies same.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint, and therefore denies same.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint, and therefore denies same.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint, and therefore denies same.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint, and therefore denies same.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint, and therefore denies same.

### B. Defendant's Behavior

13. Admits that Anthropologie is familiar with Aram's products and designs. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 13 of the Complaint, and therefore denies same. Admits the third sentence of Paragraph 13 of the Complaint. Denies the remaining allegations set forth in Paragraph 13 of the Complaint.

14. Denies the allegations set forth in the first three sentences of Paragraph 14 of the Complaint. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the fourth sentence of Paragraph 14 of the Complaint, and therefore denies same.

15. Admits that Anthropologie sold flatware consisting of seven pieces. Denies the remaining allegations set forth in Paragraph 15 of the Complaint. Admits that a photograph of what purports to be the flatware sold by Anthropologie is attached as Exhibit B to the Complaint.

16. Denies the allegations set forth in Paragraph 16 of the Complaint.

17. Denies the allegations set forth in the first sentence of Paragraph 17 of the Complaint. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 17 of the Complaint, and therefore denies same.

18. The first sentence of Paragraph 18 is a conclusion of law and thus is not a statement which can be admitted or denied. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second, third, fourth and fifth sentences

in Paragraph 18 of the Complaint. Denies the remaining allegations set forth in Paragraph 18 of the Complaint.

19. Paragraph 19 states a conclusion of law and thus is not a statement which can be admitted or denied. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 19 of the Complaint.

20. Denies the allegations set forth in Paragraph 20 of the Complaint.

21. Denies the allegations set forth in Paragraph 21 of the Complaint.

22. Denies the allegations set forth in Paragraph 22 of the Complaint.

23. Admits that Plaintiff sent Anthropologie a letter dated September 24, 2007 which alleged various purported claims. Denies the remaining allegations set forth in Paragraph 23 of the Complaint.

24. Denies the allegations set forth in Paragraph 24 of the Complaint.

25. Denies the allegations set forth in Paragraph 25 of the Complaint.

26. Denies the allegations set forth in Paragraph 26 of the Complaint.

## Count One

### Copyright Infringement of Aram Twigware Dinner Fork

27. Paragraph 27 is not a statement which can be admitted or denied.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint.

30. Denies the allegations set forth in Paragraph 30 of the Complaint.

31. Denies the allegations set forth in Paragraph 31 of the Complaint.

32. Denies the allegations set forth in Paragraph 32 of the Complaint.

33. Denies the allegations set forth in Paragraph 33 of the Complaint.

34. Denies the allegations set forth in Paragraph 34 of the Complaint.

## Count Two

### Copyright Infringement of Aram Twigware Salad Fork

35. Paragraph 35 is not a statement which can be admitted or denied.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Complaint.

38. Denies the allegations set forth in Paragraph 38 of the Complaint.

39. Denies the allegations set forth in Paragraph 39 of the Complaint.

40. Denies the allegations set forth in Paragraph 40 of the Complaint.

41. Denies the allegations set forth in Paragraph 41 of the Complaint.

42. Denies the allegations set forth in Paragraph 42 of the Complaint.

## Count Three

### Copyright Infringement of Aram Twigware Soup Spoon

43. Paragraph 43 is not a statement which can be admitted or denied.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint.

46. Denies the allegations set forth in Paragraph 46 of the Complaint.

47. Denies the allegations set forth in Paragraph 47 of the Complaint.

48. Denies the allegations set forth in Paragraph 48 of the Complaint.

49. Denies the allegations set forth in Paragraph 49 of the Complaint.

50. Denies the allegations set forth in Paragraph 50 of the Complaint.

## Count Four

### Copyright Infringement of Aram Twigware Tea Spoon

51. Paragraph 51 is not a statement which can be admitted or denied.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 of the Complaint.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the Complaint.

54. Denies the allegations set forth in Paragraph 54 of the Complaint.

55. Denies the allegations set forth in Paragraph 55 of the Complaint.

56. Denies the allegations set forth in Paragraph 56 of the Complaint.

57. Denies the allegations set forth in Paragraph 57 of the Complaint.

58. Denies the allegations set forth in Paragraph 58 of the Complaint.

## Count Five

### Copyright Infringement of Aram Twigware Knife

59. Paragraph 59 is not a statement which can be admitted or denied.

60. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of the Complaint.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61 of the Complaint.

62. Denies the allegations set forth in Paragraph 62 of the Complaint.

63. Denies the allegations set forth in Paragraph 63 of the Complaint.

64. Denies the allegations set forth in Paragraph 64 of the Complaint.

65. Denies the allegations set forth in Paragraph 65 of the Complaint.

66. Denies the allegations set forth in Paragraph 66 of the Complaint.

### Count Six

**Copyright Infringement of Aram Twigware Serving Spoon**

67. Paragraph 67 is not a statement which can be admitted or denied.

68. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 of the Complaint.

69. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 69 of the Complaint.

70. Denies the allegations set forth in Paragraph 70 of the Complaint.

71. Denies the allegations set forth in Paragraph 71 of the Complaint.

72. Denies the allegations set forth in Paragraph 72 of the Complaint.

73. Denies the allegations set forth in Paragraph 73 of the Complaint.

74. Denies the allegations set forth in Paragraph 74 of the Complaint.

### Count Seven

**Copyright Infringement of Aram Twigware Serving Fork**

75. Paragraph 75 is not a statement which can be admitted or denied.

76. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 76 of the Complaint.

77.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77 of the Complaint.

78.    Denies the allegations set forth in Paragraph 78 of the Complaint.

79.    Denies the allegations set forth in Paragraph 79 of the Complaint.

80.    Denies the allegations set forth in Paragraph 80 of the Complaint.

81.    Denies the allegations set forth in Paragraph 81 of the Complaint.

82.    Denies the allegations set forth in Paragraph 82 of the Complaint.

## Count Eight

**Federal Unfair Competition (Lanham Act (15 U.S.C. §1125(a))**

83.    Paragraph 83 is not a statement which can be admitted or denied.

84.    Denies the allegations set forth in Paragraph 84 of the Complaint.

85.    Denies the allegations set forth in Paragraph 85 of the Complaint.

86.    Denies the allegations set forth in Paragraph 86 of the Complaint.

87.    Denies the allegations set forth in Paragraph 87 of the Complaint.

## Count Nine

**Common Law Unfair Competition**

88.    Paragraph 88 is not a statement which can be admitted or denied.

89.    Denies the allegations set forth in Paragraph 89 of the Complaint.

90.    Denies the allegations set forth in Paragraph 90 of the Complaint.

## Count Ten

**Common Law Unfair Competition**

91.    Paragraph 91 is not a statement which can be admitted or denied.

92.    Denies the allegations set forth in Paragraph 92 of the Complaint.

93. Denies the allegations set forth in Paragraph 93 of the Complaint.

94. Denies the allegations set forth in Paragraph 94 of the Complaint.

## Demand for Relief

95. Defendant denies each and every provision of the "WHEREFORE" clause and denies all other allegations not admitted above.

## AFFIRMATIVE DEFENSES
## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's claims are barred for failure to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims of copyright infringement fail because there is not enough original material in the features and designs of the Aram Twigware to warrant copyright protection.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims of copyright infringement fail because the flatware sold by Anthropologie does not infringe the protected subject matter of Plaintiff's copyrights.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims of copyright infringement fail because Plaintiff is neither the author, nor the lawful owner of the copyrights in the purported "Aram Twigware."

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff's claims fail because the flatware sold by Anthropologie are independent creations.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff's claims are barred by the invalidity of Plaintiff's copyright in the features and design of the Aram Twigware.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

7.      If Anthropologie's conduct constitutes infringement, Plaintiffs' claims nevertheless fail on the grounds that such infringement was *de minimis*.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff has not sustained any injury or damages as a result of any act or conduct of Defendant.

## COUNTERCLAIM

Defendant/Counterclaim Plaintiffs, Anthropologie, Inc. ("Anthropologie") brings the following Counterclaim against Plaintiff/Counterclaim Defendant Michael Aram ("Aram") and hereby avers as follows:

## JURISDICTION AND VENUE

1.      The Counterclaim arises under the Declaratory Judgments Act, Title 28 of the United States Code §§ 2201 and 2202, and Title 28 of the United States Code § 1338 based upon an actual justiciable controversy as to the infringement, validity, and enforceability of the

Copyrights. This Court also has supplemental jurisdiction over the Counterclaim under 28 U.S.C. § 1367(a) as the Counterclaim is so related to Plaintiff's claims over which the Court has original jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution.

2.  Venue in this judicial district is proper under Title 28 of the United States Code §§ 1391 and 1400.

## THE PARTIES

3.  Anthropologie is a corporation duly organized and existing under the laws of Pennsylvania with offices at 5000 S. Broad Street, Philadelphia, Pennsylvania 19112.

4.  Upon information and belief, Aram is a corporation duly organized and existing under the laws of the State of New Jersey. Aram maintains its corporate offices at 2102 83rd Street, North Bergen, New Jersey, with its flagship store, sales staff and showroom located at 136 West 18th Street in New York, New York.

## CAUSE OF ACTION

### Cancellation of the Plaintiff's Copyright Registration Pursuant To 17 U.S.C. § 102

5.  Aram has improperly obtained United States Copyright Registration No. VA-1-201-641 for "[m]etal [s]culpture" which is entitled Michael Aram January 1991 Catalogue on the registration.

6.  Aram has alleged claims based upon purported copyright rights in certain items defined in the Complaint collectively as "Aram Twigware."

7.  The Aram Twigware fails to constitute copyrightable subject matter pursuant to 17 U.S.C. § 102.

8.  Aram's copyrights in the Aram Twigware are invalid.

9.   Anthropologie believes that it will be damaged by the continued registration of the Aram Twigware and hereby seeks an Order canceling United States Copyright Registration No. VA-1-201-641.

**WHEREFORE**, for all the foregoing reasons, Anthropologie demands judgment as follows:

1.   Dismissing the Complaint in its entirety with prejudice;

2.   Ordering the cancellation of United States Copyright Registration No. VA-1-201-641 and that the Court certify this decree to the U.S. Copyright Office, which shall record the cancellation in the records of the U.S. Copyright Office;

3.   Awarding Anthropologie its costs and disbursements incurred in connection with this action;

4.   Awarding Anthropologie its attorneys' fees;

5.   Granting Anthropologie such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DUANE MORRIS LLP

Dated:   August 1, 2008          By: _/s/ Vanessa Hew_

Gregory P. Gulia
Vanessa Hew
1540 Broadway
New York, New York 10036
(212) 692-1000

Attorneys for Defendants/Counterclaim Plaintiff Anthropologie Inc.

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the Answer and Counterclaim to be served via ECF upon the following counsel for Michael Aram, Inc. on this 1st day of August, 2008:

>John Pelosi, Esq.
>PELOSI WOLF EFFRON & SPATES LLP
>The Woolworth Building
>233 Broadway, 22nd Floor
>New York, N.Y. 10279

Dated: New York, New York
       August 1, 2008

By: _____
    Edwin Grullon

DM2\1461574.1